[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the Court on the Plaintiff, Suzette Caulkins', two count Amended Complaint filed on January 2, 2002, alleging in the first count thereof that the Defendant, Garrett Meade, intentionally damaged the automobile of Suzette Caulkins while said automobile was in the possession of the said Garrett Meade; and in the second count thereof that the Defendant, Garrett Meade, negligently damaged the automobile of Suzette Caulkins while said automobile was in the possession of the said Garrett Meade.
The matter was tried to the Court on August 2, 2002.
The allegations of the case are simple and the court finds the facts as follows:
1. On December 9, 1999, the Plaintiff Caulkins delivered her 1989 Chevrolet Baretta automobile to the possession of the Defendant Meade pursuant to an agreement whereby said automobile would serve as security for a certain obligation owed to the Defendant Meade by the Plaintiff Caulkin's boyfriend, Whitman.
2. Because he was concerned about the possibility of vandalism damage to the automobile if it was allowed to remain outside of a locked and fenced yard on property leased by the Defendant Meade, the parties agreed that the said automobile would be stored within the said locked and fenced yard.
3. On December 12, 1999, the Plaintiff Caulkins sought to have her automobile returned to her by the Defendant Meade. Although Meade initially refused to surrender the car, after Caulkins solicited the assistance of the Danbury Police, Meade relented and agreed to return the automobile to Caulkins.
4. The Defendant Meade removed the said automobile from the locked and CT Page 9992 fenced yard at approximately 9:30 PM on December 12, 1999 and parked the said automobile outside of and adjacent to the locked and fenced yard. He thereupon notified the Danbury Police and the and the Plaintiff Caulkins that the automobile was able to be retrieved by her at that time.
5. Shortly thereafter, the Plaintiff Caulkins arrived at approximately 10:00 PM and found that her car had been seriously damaged. Deep scratches and gouge marks were noted in the automobile's exterior paint, a window or windows were shattered, body panels were dented and kicked in and some portions of the automobile's body bore the impression of the sole of a work boot. The extensive damage to the automobile was evidenced at trial by a series of photographs (Plaintiff's Exhibit #1).
The Court finds that the testimony and evidence presented by the Plaintiff in this matter was the more credible evidence. The Court further finds, by a fair preponderance of that evidence, and by reasonable inferences to be drawn from the evidence submitted at trial, that the automobile of the Plaintiff was damaged either intentionally or negligently while it was in the care, custody and control of the Defendant Meade.
The measure of damages to be employed in this dispute however is problematic. The Plaintiff presented no evidence as to the cost of repairing the damage that was done to her automobile. Moreover, the evidence submitted at trial is that the said automobile was in fact never repaired. Instead it was sold, at some point after the December 12, 1999 incident, for $400.00. The Plaintiff argues that the measure of damages should be no less than the $1,200.00 purchase price of the car, plus the value of all of the repairs that were completed to the car prior to it being damaged by the Defendant Meade, or a total of $3,316.57 (Plaintiff's Exhibit #2), less the $400.00 realized upon the sale of the car.
The Court has reviewed Plaintiff's Exhibit 42 and concludes that the only repairs that were completed upon the automobile that should properly be considered by the Court in affixing the proper damages in this matter are those repairs that were completed initially upon the Plaintiff's purchase of the automobile in May of 1999. The cost of those repairs, less the cost of towing as set forth on the May 2, 1999 repair bill contained within Plaintiff's Exhibit #2, is $1,360.04.
The Court finds that the proper measure of damages in this matter based upon the evidence presented at trial then is the purchase price of the car ($1,200.00), plus the cost of the May 2, 1999 repairs ($1,360.04) less the sales price of the car subsequent to the December 12, 1999 incident ($400.00). CT Page 9993
Judgment on the First Count of the Amended Complaint may accordingly enter in favor of the Plaintiff as against the Defendant, Garrett Meade, in the amount of $2,160.04.
No credible evidence of any kind has been offered as against the Defendant Countrywide Landscape. Judgment may therefore enter in favor of the Defendant Countrywide Landscape on the
Second Count of the Amended Complaint.
BY THE COURT
CARROLL, J.